## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE W. VULLINGS,** | : | **Case Number** |
| **individually and on behalf of** | : | |
| **others similarly situated** | : | |
| **Plaintiffs** | : | |
| | : | **CLASS ACTION COMPLAINT** |
| **vs.** | : | |
| | : | |
| **ARCADIA RECOVERY** | : | |
| **BUREAU, LLC** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |
| | : | |

## CLASS ACTION COMPLAINT

Plaintiff Michelle W. Vullings, by and through her undersigned counsel, individually and on behalf of others similarly situated, respectfully alleges the following against Arcadia Recovery Bureau, LLC based upon personal knowledge, and on information and belief:

### I.    INTRODUCTORY STATEMENT

1.     This is a consumer class action lawsuit brought by Plaintiff, individually and on behalf of a class of all other persons similarly situated against Defendant, for violations of multiple sections of the Fair Debt Collection Practices Act ("FDCPA").

2.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. ¶ 1692(a).

1

3.      Because of this, Courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statue broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated. *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

4.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union LLC*, 259 F.Supp.3d 662, 666 (7th Cir. 2001).

5.      Plaintiff seeks to enforce these policies and civil rights which are expressed through the FDCPA.

## II.      JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action under the Class Action Fairness Act and Plaintiff's FDCPA claims pursuant to 15. U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. This Court has personal jurisdiction over Defendant  because, at all relevant times, Defendant conducted business in the Eastern District of Pennsylvania.

7.      Venue and personal jurisdiction over defendant in this district is proper because both Plaintiff and Defendant are located in this district; moreover, defendant's collection activities impacted plaintiff here and defendant transacts business in this District.

## III.      PARTIES

8.      Plaintiff, Michelle W. Vullings (hereinafter referred to as "Plaintiff") is an individual resident of the Commonwealth of Pennsylvania, residing in Collegeville,

Pennsylvania. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a (3) of the FDCPA in that the alleged debt sought to collect from Plaintiff is a consumer debt.

9.      Defendant, Arcadia Recovery Bureau LLC (hereinafter referred to as "Defendant"), at all times relevant hereto, is and was a Pennsylvania Foreign limited liability company engaged in the business of collecting debt allegedly owed by consumers. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a (6) of the FDCPA, and has a principal place of business located at 645 Penn Street, 4th Floor, Reading, Pennsylvania 19601.

## IV.   FACTUAL ALLEGATIONS

10.     The following conduct is a violation of the Fair Debt Collection Practices Act: using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. 15 U.S.C. ¶1692f (8).

11.     Exhibit A, attached hereto and incorporated herein, is the envelope mailed by Defendant, as it appeared upon arrival, when Defendant was communicating with Plaintiff-consumer.

12.     Exhibit A uses language which is visible on the envelope indicating that Defendant is in the debt collection business.

13.     Defendant's business name, as is visible on the envelope, indicates that it is in the debt collection business.

14.     The Defendant's business name strongly implies that it is in the debt collection business.

3

15.    Plaintiff is entitled to privacy and as a result of defendant's deceptive and unfair debt collection practices, plaintiff has been damaged.

16.    Any person who handled or viewed the mail prior to it getting to the plaintiff would have been informed of the nature of the letter.

17.    Exhibit A constitutes the use of unfair and unconscionable means to collect or attempt to collect a debt.

18.    Plaintiff was mailed the collection letter attached as Exhibit B, which was received it in the ordinary course of the United States Postal Service mail.

19.    Exhibit B sought to collect debt incurred for personal, family or household use and not for business purposes.

20.    Exhibit B is, on information and belief, a form letter.

21.    Language in the body of a collection letter, stating that "[i]f we can answer any questions, or if you feel you do not owe this amount, please call us toll free" is deceptive, and thus violates debt validation provision of FDCPA. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

22.    In Exhibit B, the second paragraph of the body of the collection letter, which begins "[i]f you have any questions or if this is a duplicate claim, please call," is deceptive, and thus violates the debt validation provision of FDCPA.

23.    This language strongly implies that if a consumer disputes the validity of the debt or any portion thereof, the consumer should simply telephone the Defendant.

24.    Simply telephoning the Defendant if a consumer disputes the validity of the debt or any portion thereof is not adequate under the FDCPA.

4

25.    This serves to confuse the Plaintiff as to whether to telephone or write if the validity of the debt or any portion thereof is disputed.

26.    Collection letters such as those sent by defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27.    The collection letter causes the least sophisticated consumer uncertainty and forces him or her to guess as to what to do if the debt is disputed.

28.    Defendant's statement is materially false and misleading in that it can be interpreted in a number of ways, one of which is incorrect.

29.    A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. ¶1692f.

30.    Plaintiff was misled and confused by Exhibit B.

31.    The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## COUNT I– FDCPA

34.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

36.     Exhibits A and B are violations of the FDCPA, including but not limited to, violations of:

> §§ 1692d:        Any conduct the natural consequence of which is to harass, oppress, or abuse any person.
>
> §§ 1692e:        Any other false, deceptive, or misleading representation or means in connection with the debt collection
>
> §§ 1692f:        Any unfair or unconscionable means to collect or attempt to collect the alleged debt
>
> §§ 1692f (8):    Any language or symbol on the envelope that indicates the communication concerns debt collection.
>
> §§ 1692g(a)(3):  Must state right to dispute within thirty days.

## CLASS ALLEGATIONS

37.     Pursuant to Fed.R.Civ.P. 23(a), Plaintiff brings this claim on behalf of a class.

38.     The class consists of (a) all natural persons (b) who were sent a letter seeking to collect a debt (c) in the form of Exhibit A or Exhibit B (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

39.     The class is so numerous that joinder is impractical.

40.     On information and belief, there are more than 100 natural persons who were sent a letter similar to Exhibit A or Exhibit B on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

41.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

42.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

43.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

44.     A class action is superior to other alternate methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

WHEREFORE, Plaintiff respectfully demands judgement in favor of Plaintiff and the class against Defendant as follows:

a.     Actual damages;

b.     Statutory damages;

c.      Declaratory relief finding the collection letter violates the FDCPA;

d.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.      <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: September 29, 2017**

**BY:** ***/s/  Brent F. Vullings***
Brent F. Vullings, Esquire
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com

8

# EXHIBIT "A"

**Arcadia Recovery Bureau, LLC. -PA**

ATTN: PAMELA HOFFERT
645 PENN ST. 4TH FL
READING, PA 19601

Telephone:(800) 220-1622

MICHELLE VUILLINGS
3903 TOWNSHIP LINE RD
COLLEGEVILLE, PA 19426

19426#1314 C0C0B



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 55423
02 4W
0000350226 JUN 27 2017

$ 000.46⁰

# EXHIBIT "B"

**Arcadia Recovery Bureau, LLC. -PA**

JUNE 27, 2017

ATTN: PAMELA HOFFERT
645 PENN ST. 4TH FL
READING, PA 19601

Telephone:(800) 220-1622

| | |
|---|---|
| HOURS (ET): | 8:00 AM - 8:00 PM M |
| | 8:00 AM - 8:00 PM T |
| | 8:00 AM - 8:00 PM W |
| | 8:00 AM - 8:00 PM TH |
| | 8:00 AM - 5:00 PM F |
| | CLOSED SA |
| | CLOSED SU |

MICHELLE VULLINGS
3903 TOWNSHIP LINE RD
COLLEGEVILLE, PA 19426

**Estate Of:** GERTRUDE█████████████

| **Total Unpaid Balance** | **PF Reference No** | **Probate Case No** | **Date of Death** |
|---|---|---|---|
| $1,770.00 | ████████ | 0616-████ | ████/2016 |

Dear Sir or Madam:

Enclosed herewith is a copy of the Creditor's Claim for the above referenced estate.

If you have any questions or if this is a duplicate claim, please call our company at:
1-(800) 220-1622

Cordially,
Arcadia Recovery Bureau, LLC. -PA
ATTN: PAMELA HOFFERT

### *IMPORTANT INFORMATION*

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. The right to dispute within 30 days applies to any or all accounts listed on the account detail attached to this letter.

This company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

### NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION

PR_Cover_Letter_PFOD_R20150807

### NOTICE: SEE ATTACHED 2 PAGE(S) FOR CLAIM DETAIL