IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELLE W. VULLINGS, individually and on behalf of others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 17-4361 |
| v. | : : | |
| ARCADIA RECOVERY BUREAU, LLC, | : : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                                 July 27, 2018

The plaintiff alleges that the defendant violated the Fair Debt Collection Practices Act when it sent her a letter seeking to collect a debt owed by her deceased mother's estate. The defendant now moves for summary judgment on all of the plaintiff's claims.

Because the motion was filed prior to the close of discovery, the plaintiff contends that the court should decline to address it. The plaintiff's concerns are misplaced because the record presented is sufficient to resolve the legal issues presented in the motion. Turning then to the substance of the motion, four of the five claims asserted in the plaintiff's amended complaint lack a sufficient basis to proceed. Consequently, the court will grant the motion for summary judgment as to those four claims, but deny the motion as to the remaining claim.

### I.     PROCEDURAL HISTORY

On September 29, 2017, the plaintiff, Michelle Vullings ("Vullings") filed a complaint individually and on behalf of others similarly situated against the defendant, Arcadia Recovery Bureau, LLC ("Arcadia"). *See* Compl. at 1, Doc. No. 1. The purported class action complaint sought relief due to various alleged violations of the Fair Debt Collection Practices Act

("FDCPA"). *See id.* at 6. Shortly thereafter, Arcadia filed a motion to dismiss the complaint. *See* Mot. to Dismiss for Lack of J. or Alternatively Failure to State a Claim, Doc. No. 3. The motion asserted that Vullings lacked standing to sue on her own behalf because the alleged debt was in the name of an estate for which she was a personal representative and that even if she did have standing, her complaint failed to state a claim upon which relief could be granted. *See* Def.'s Br. in Supp. of its Mot. to Dismiss Class Action Compl. at 3–4, Doc. No. 3-1. On December 1, 2017, the court granted the motion to dismiss on both grounds, but granted Vullings leave to file an amended complaint. *See* Dec. 1, 2017 Order, Doc. No. 7.

The parties then filed cross-motions for reconsideration. *See* Def.'s Mot. for Recons. and Relief from Order Granting Pl. Leave to Amend Compl. ("Def.'s Mot. for Recons."), Doc. No. 8; Pl.'s Mot. for Recons. and Relief from Order Granting Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1) and Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6) ("Pl.'s Mot. for Recons."), Doc. No. 11. In general terms, Arcadia believed that the court should not have granted Vullings leave to file an amended complaint, and Vullings believed the court should not have granted the motion to dismiss in the first instance. *See generally* Def.'s Mot. for Recons.; Pl.'s Mot. for Recons. The court discussed the motions for reconsideration with counsel in the Rule 16 scheduling conference on January 10, 2018.

During the Rule 16 conference, the court was able to resolve the issues raised in the motions. One of these issues was whether Vullings needed to pursue the lawsuit in her individual capacity and/or in her capacity as the administrator of Gertrude Birtwistle's estate.[1] She filed her original complaint *solely* in her individual capacity. *See* Compl. at 1. At the Rule 16 conference, the court informed Vullings of the need to also sue in her capacity as

---

[1] Although Vullings repeatedly refers to the decedent as "Gertrude Bertwistle," *see, e.g.*, Amended Class Action Complaint at ¶¶ 1, 9, it appears that her last name is properly spelled, "Birtwistle." Hereafter, the court will refer to the estate of Gertrude Birtwistle as "Birtwistle's Estate."

administrator to have any chance of recovery on two of her five claims.  After hearing the court's views on the matter, Vullings agreed to file an amended complaint and pursue relief both in her individual capacity and in her capacity as administrator of the Birtwistle's Estate.

Accordingly, the court entered a scheduling order on January 10, 2018, which, *inter alia*, ordered Vullings to file an amended complaint by January 17, 2018.  *See* Scheduling Order, Doc. No. 19.  Vullings timely filed an amended complaint on January 16, 2018.  Doc. No. 21.  In the amended complaint, Vullings claimed violations of the FDCPA in her individual capacity and as administrator of the estate.  *See generally* Am. Compl.  Arcadia then filed a motion to dismiss the amended complaint insofar as Vullings was asserting claims against it as the administrator of Birtwistle's Estate.  *See* Def.'s Mot. to Dismiss Michelle W. Vullings, as Adm'r of the Estate of Gertrude E. Birtwistle, Am. Class Action Compl. at 1, Doc. No. 24.  Shortly thereafter, the court held a telephone conference with counsel for the parties during which Vullings's counsel informed the court that Vullings agreed to dismiss herself as a named plaintiff insofar as she was the administrator of Birtwistle's Estate.  As such, the court entered an order on February 21, 2018, which (1) dismissed by agreement "Michelle W. Vullings as administrator of the estate of Gertrude Elizabeth B[i]rtwistle . . .," and (2) denied the motion to dismiss as moot.  *See* Feb. 21, 2018 Order, Doc. No. 29.

Notably, Vullings did not agree to dismiss the claims that the court believed she could only pursue in her capacity as administrator of Birtwistle's Estate.  *Cf. id.* (dismissing, by agreement, Michelle W. Vullings as administrator of the estate, but not dismissing any related claims).  Those claims are still in the case.

On May 7, 2018, Arcadia filed the instant motion for summary judgment.  Doc. No. 39.  Arcadia raises numerous arguments in the motion, but one of them is that Vullings does not have

standing to pursue two of the five claims in her individual capacity (*i.e.*, she could only have succeeded on those claims if she was suing in her capacity as administrator of the estate). *See* Def.'s Br. in Supp. of its Mot. for Summ. J. ("Def.'s Br.") at 5–6, Doc. No. 39-1. Vullings filed a response in opposition to the motion for summary judgment on May 21, 2018. Doc. No. 42. Arcadia filed a reply in support of the motion for summary judgment on May 29, 2018. Doc. No. 46. The motion is now ripe for adjudication.

## II.  FACTUAL BACKGROUND

The undisputed material facts are as follows:  Vullings received a letter sent by Arcadia through its vendor, Forte, Inc., d/b/a Probate Finder. *See* Def.'s Br. at 4; Pl.'s Br. in Opp. to Def.'s Mot. for Summ. J. at 8 ("Pl.'s Br."), Doc. No. 42-1. The letter indicated that Arcadia was attempting to collect a debt owed by Birtwistle's Estate. *See* Am. Compl., Ex. B at ECF pp. 12–13 ("Letter"). Vullings and her brother, Michael Wynn, are "Co-Personal Representatives" of Birtwistle's Estate. *See* Def.'s Br. at 4; Pl.'s Br. at 7. The letter identifies Birtwistle's Estate as the debtor. Def.'s Br. at 4; Pl.'s Br. at 7. The letter also provides the total unpaid balance of the debt, the "PF Reference No[.]," the "Probate Case No[.]," and the "Date of Death." Def.'s Br. at 4; Pl.'s Br. at 7.

After listing this information regarding the underlying debt, the letter states as follows:

Dear Sir or Madam:

Enclosed herewith is a copy of the Creditor's Claim for the above referenced estate.

If you have any questions or if this is a duplicate claim, please call our company at: 1-(800) 220-1622 [sic]

Cordially,
Arcadia Recovery Bureau, LLC. –PA
ATTN: PAMELA HOFFERT

4

> **\*IMPORTANT INFORMATION\***
> Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. The right to dispute within 30 days applies to any or all accounts listed on the account detail attached to this letter.
> This company is a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Letter.

The letter was mailed in a window envelope. *See* Am. Compl., Ex. A at ECF pp. 10–12 ("Envelope"). Through the windows on the front of the envelope, any person who came into contact with the letter could see that Arcadia sent the letter to Vullings. *See id.* Arcadia's address and telephone number were also visible through the top window. *See id.*

### III. DISCUSSION

#### A. <u>Standard of Review – Motions for Summary Judgment</u>

A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "[s]ummary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012) (quoting *Orsatti v. New Jersey State Police,* 71 F.3d 480, 482 (3d Cir. 1995)). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.*

The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). Once the moving party has met this burden, the nonmoving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *see* Fed. R. Civ. P. 56(c) (stating that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . .; or . . . [by] showing that the materials cited do not establish the absence . . . of a genuine dispute"). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which the nonmovant bears the burden of production. *Anderson,* 477 U.S. at 252 (1986). Bare assertions, conclusory allegations, or suspicions are insufficient to defeat summary judgment. *See Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982) (indicating that a party opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions"); *Ridgewood Bd. of Educ. v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999) (explaining that "speculation and conclusory allegations" do not satisfy nonmoving party's duty to "set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor"). Additionally, the nonmoving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v.*

*United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Moreover, arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Township of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985).

The court "may not weigh the evidence or make credibility determinations." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citing *Petruzzi's IGA Supermarkets., Inc. v. Darling–Del. Co. Inc.*, 998 F.2d 1224, 1230 (3d Cir. 1993)). Instead, "[w]hen considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007). The court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the [nonmoving] party, there is no 'genuine issue for trial'" and the court should grant summary judgment in favor of the moving party. *Matsushita Elec. Indus. Co.,* 475 U.S. at 587 (citation omitted).

### B. <u>Analysis</u>

Vullings contends that the following sections of the FDCPA were violated as a result of Arcadia's letter and the envelope the letter was sent in: 15 U.S.C. § 1692d; 15 U.S.C. § 1692e; 15 U.S.C. § 1692f; 15 U.S.C. § 1692f(8); and 15 U.S.C. § 1692g(a)(3). *See* Am. Compl. at 7. The court will address the claims based on sections 1692f(8) and 1692g(a)(3) first and then the other three provisions in turn.

Section 1692f(8) provides that no debt collector may "[use] any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8). Vullings contends that Arcadia violated section 1692f(8) because its business name—"Recovery Bureau"—"strongly implies that it is in the debt collection business." Am. Compl. at 4.

Section 1692g(a)(3) provides that the debt collector must inform a consumer that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector . . . ." 15 U.S.C. § 1692g(a)(3). Vullings contends that Arcadia violated section 1692g(a)(3) by telling her to call "[i]f we can answer any questions, or if you feel that you do not owe this amount . . . ." Am. Compl. at 5. Vullings contends that this language in inadequate under the FDCPA because it implies that if a consumer wishes to dispute a debt they can simply call Arcadia. *See id.* at 5, 6.

Arcadia is entitled to summary judgment on Vullings's claims under these sections because Vullings is not a "consumer," and only consumers can assert violations of these provisions. *See* 15 U.S.C. 1692f(8) ("[W]hen communicating *with a consumer* . . . ." (emphasis added)); 15 U.S.C. § 1692g(a) ("[A]fter the initial communication with *a consumer* . . . ." (emphasis added)); *see also Wenrich v. Robert E. Cole, P.C.*, No. CIV. A. 00-2588, 2001 WL 4994, at *4 (E.D. Pa. Dec. 22, 2000) ("To state [a] claim[] under Section[] . . . 1692g, Parents must be 'consumers.'"). In this regard, a defendant does not violate sections 1692f(8) or 1692g(a)(3) unless a "consumer" is the recipient of the communication in question. *See* 15 U.S.C. § 1692f(8); 15 U.S.C. § 1692g(a)(3); *see also Hall v. Nationstar Mortg., LLC*, 255 F. Supp. 3d 625, 634–35 (E.D. Pa. 2015) (finding that court lacked subject-matter jurisdiction over

FDCPA claim because plaintiff lacked standing to sue insofar as she was not a consumer for purposes of section 1692c as the two communications in question were sent to an estate and plaintiff sued in her individual capacity and not in her capacity as executrix of the estate); *Christy v. EOS CCA*, 905 F. Supp. 2d 648, 652–54 (E.D. Pa. 2012) (finding that plaintiff—who was not a consumer—lacked standing to sue under section 1692c(b) because section 1692c defines a violation in terms of a consumer). A consumer is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). This definition is broadened for purposes of 15 U.S.C. § 1692c to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator." 15 U.S.C. § 1692c.

In this case, Vullings is not a consumer because she does not owe the debt Arcadia is seeking to collect. In her capacity as an administrator of Birtwistle's Estate, Vullings would have been a consumer (at least for purposes of section 1692c). *See id.* But in her personal capacity, she is not a consumer because she is not individually obligated to pay the debt Arcadia is seeking to collect.

Vullings tries to overcome the fact that she is not a consumer by referencing section 1692k. *See* Pl.'s Br. at ECF p. 10. Section 1692k is the damages provision of the FDCPA and it does not limit recovery to consumers. *See* 15 U.S.C. § 1692k. Vullings's reliance on section 1692k is misplaced.

To reach damages under section 1692k, Vullings must first establish a violation of one of the FDCPA's substantive provisions. *See Wenrich*, 2001 WL 4994, at *3–4 (noting that while "the grant of a cause of action under [section 1692k] . . . is given to 'any person' . . . under certain sections of the FDCPA, a plaintiff must be a consumer' . . . to have a cause of action because those sections define violations in terms of conduct directed toward a 'consumer.'").

9

Here, Vullings is attempting to establish a substantive violation through sections 1692f(8) and 1692g(a)(3). *See* Am. Compl. at 7. Because both of those provisions require her to be a consumer, her claims under these provisions never reach section 1692k. Consequently, section 1692k is irrelevant to the court's analysis of these two claims. Therefore, the court must dismiss these claims for lack of subject-matter jurisdiction because Vullings lacks standing to sue insofar as she chose to proceed solely in her individual capacity on these two claims. *See* Jan. 10, 2018 Order.

Turning to Vullings's claims under section 1692d, this section states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. This provision "prohibits only oppressive and outrageous conduct." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 394 (D. Del. 1991). Practices that violate this provision likely include: "[O]bscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Christy*, 905 F. Supp. 2d at 654 (alteration in original) (quoting S. Rep. No. 95-382, at 2, 1977 U.S.C.C.A.N. 1695, 1696).

Vullings contends that Arcadia's practice of including its name ("Arcadia Recovery Bureau") on the outside of the envelope violated this provision because it "disclos[ed] [her] personal affairs to others." Pl.'s Br. at 16. Specifically, Vullings asserts that Arcadia's name reveals that it is a debt collector. *See id.* at 17. She argues that the combination of its business

name with the fact that the letter was addressed and mailed to her implies that Arcadia sought to collect a debt from her. *See id.* at 16–17.

Even if the presence of Arcadia's name telegraphs the nature of its business, this claim would still fail. "Generally, whether conduct harasses, oppresses, or abuses will be a question for the jury." *Hoover v. Monarch Recovery Mgmt., Inc.*, 888 F. Supp. 2d 589, 596 (E.D. Pa. 2012) (citation and internal quotation marks omitted). That said, "the conduct . . . must still meet a threshold level in which the facts support a reasonable inference that [the plaintiff] has . . . a plausible claim to relief under § 1692d." *See id.* (dismissing claims under section 1692d because "plaintiff's claims do not rise to the level of seriousness against which § 1692d is intended to protect"). Here, like in *Hoover*, merely stating "Arcadia Recovery Bureau" on the outside of the letter does not "rise to the level of seriousness against which § 1692d is intended to protect." *Id.* No reasonable juror could find that this conduct "would naturally tend to harass, oppress or abuse." *See* 15 U.S.C. § 1692d; *see also Davis v. Phelan Hallinan & Diamond PC*, 687 F. App'x 140, 145–46 (3d Cir. 2017) (affirming district court's grant of summary judgment and holding that sending two notice of intention to foreclose letters to wrong addresses did not violate section 1692d because "the natural consequence [of the conduct] . . . [was] not to abuse, harass, or oppress [the] debtor"); *Christy*, 905 F. Supp. 2d at 652–54 (granting summary judgment in favor of defendant debt collector and holding that debt collection letter intended for plaintiff's son but erroneously addressed to plaintiff and incorrectly mailed to wife's place of work did not violate section 1692d).

Vullings's argument, that this statement disclosed her personal affairs, does not change this conclusion. The text of the Senate report indicates that when Congress stated that "disclosing a consumer's personal affairs" would probably violate the statute it was likely

considering conduct more egregious than Arcadia's name being viewable through the top window of the envelope. Indeed, some of the other examples are "obscene language," "threats of violence," "misrepresentation of a consumer's legal rights," and "obtaining information about a consumer through false pretense . . . ." In light of the gravity of these examples, it is more likely that Congress—by referencing "disclosing a consumer's personal affairs"—was contemplating a situation less like the one here and more like one where a debt collector discloses the existence or nature of the debt in an effort to pressure and coerce the debtor to pay.

Two other points bear mentioning: First, the fact that this conduct ("Arcadia Recovery Bureau" being visible through the top window on the envelope) may violate another provision of the FDCPA, *see* Pl.'s Br. at 16–17, does not change this conclusion. Vullings argued that Arcadia's inclusion of its name on the outside label violates section 1692f(8). *See id.* at 10–11. As already discussed, the court is dismissing Vullings's claim under section 1692f(8) because Vullings is not a consumer. That said, if Vullings was a consumer, she would have survived summary judgment on her claim under section 1692f(8) because there is a possibility that Arcadia's business name indicates that it is in the debt collection business.

Nonetheless, the fact that this conduct may have violated section 1692f(8) does not mean it also violated section 1692d. Nothing in section 1692d indicates that liability under that section should be predicated on a violation of another provision (such as section 1692f(8)). *See* 15 U.S.C. § 1692d. Section 1692d is straightforward: "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connect with the collection of a debt." 15 U.S.C. § 1692d. Under that language, it is entirely possible— as the court finds to be the case here—that an envelope might violate section 1692f(8) but not have the "natural consequence" of harassing, oppressing, or abusing the recipient of the

envelope. *Cf. Tschudin v. Brumbaugh & Quandahl, P.C., LLO*, No. 8:14CV299, 2014 WL 7272668, at *1 n.2 (D. Neb. Dec. 18, 2014) (holding that defendant did not violate section 1692d despite another court having held similar conduct violated section 1692f(8)). Additionally, Vullings has not cited to any cases that support basing section 1692d liability on a violation of 1692f(8).

Second, Vullings contends that Arcadia told her that a claim had been filed in probate court on the underlying debt, but she alleges that a claim was never actually filed. *See*, *e.g.*, Pl.'s Br. at 16; *see also* Decl. in Supp. of Def.'s Mot. for Summ. J. at 2 ("Arcadia, through its vendor . . . sent a letter to the Plaintiff . . . advising of the filing of the Estate claim."), Doc. No. 39-2; Decl. in Opp. to Def.'s Mot. for Summ. J. at 1 ("I have contacted the Berks County Register of Wills and Orphan's Court on three occasions by phone and once in writing, the last time being just prior to this filing, and each time the Court has confirmed that the Estate Claim alleged by Arcadia was never filed."), Doc. No. 42-3. She asserts that this makes the letter misleading and harassing, and also argues that the court should deny Arcadia's motion as to her section 1692d claim because of this alleged misrepresentation. *See* Pl.'s Br. at 16.

While these allegations may very well make the letter unlawful, they are irrelevant to the issues presented in this case thus far. The amended complaint does not contemplate a section 1692d claim based on Arcadia's failure to file a claim on the underlying debt, let alone mention that allegation. *See generally* Am. Compl. At present, Vullings's claims in the amended complaint are based primarily off of two factual allegations: (1) the statement in the letter directing the recipient to call Arcadia, and (2) Arcadia listing their full business name in a way that was viewable from the outside of the envelope. *See id.* at 4–8. The amended complaint would be completely different if Vullings had contemplated pursuing relief based on the

allegation that Arcadia never filed a claim on the underlying debt. Thus, to raise a claim of this nature under section 1692d, she would have to seek leave to file an amended complaint, be granted leave, and file a second amended complaint. *See Carr v. Gillis Associated Indus., Inc.*, 227 F. App'x 172, 176 (3d Cir. 2007) ("District Courts have broad discretion to disallow the addition of new theories of liability at the eleventh hour."); *see, e.g.*, *Alston v. Park Pleasant, Inc.*, CIV. A. No. 14-7237, 2015 WL 6180967, at *4 n.3 (E.D. Pa. Oct. 21, 2015) (barring theory of liability pursued for first time by plaintiff in opposition to motion for summary judgment because there were not "specific factual allegations in [the plaintiff's] complaint" to support theory), *aff'd,* 679 F. App'x 169 (3d Cir. 2017). As those events have not occurred, the court is limited to the current record and, based on this record, summary judgment is appropriate in favor of Arcadia on Vullings's section 1692d claim.

With regards to Vullings's claim under section 1692e, this section states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Vullings contends that Arcadia's statement in the letter stating, "[i]f you have any questions or if this is a duplicate claim, please call our company," Letter at ECF p. 12, was deceptive under section 1692e because it violates section 1692g. *See* Am. Compl. at 4–7. Section 1692g requires debt collectors to include a validation notice that describes the process by which the recipient of the letter may dispute the debt. *See* 15 U.S.C. § 1692g. Deceptive statements create liability under section 1692g(d) if they overshadow (*i.e.*, contradict) the validation notice. *See id.*

Arcadia advances two initial arguments for why the court should grant judgment in its favor on Vullings's section 1692e claim. *See* Def.'s Br. at 7–10, 12–14. First, Arcadia argues that the statement was not deceptive. *See id.* at 7–10. Second, Arcadia argues that, even if it was

deceptive, it does not overshadow the validation notice it included at the bottom of the first page of the letter. *See id.* at 12–14. Neither of Arcadia's arguments here are persuasive.

In *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142 (3d Cir. 2013), the Third Circuit addressed similar language in a letter sent by a debt collector. The Third Circuit held that the following language was deceptive: "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at **800–984–9115** or write us at the above address." *Id.* at 145. The court also held that this statement overshadowed the debt collector's validation notice. *See id.* at 152–54.

The Third Circuit addressed the aforementioned language under the "least sophisticated consumer" standard. *See id.* at 151. This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Id.* at 149 (quotation marks and citation omitted). Under this standard, a debtor could be confused between two messages: one which tells the consumer to call the debt collector if he or she has questions, the other (contained in the validation notice) which tells the debtor that he or she should write if he or she disputes the debt. *See id.* at 151–52. Consequently, the letter violated both section 1692e and section 1692g. *See id.* at 151–55.

The court opined that "the analysis of the § 1692g claim [will] usually [be] dispositive" in resolving the section 1692e claim. *Id.* at 155 (quotation marks and citation omitted). This statement is understandable because it would be strange if a statement was sufficiently deceptive to overshadow the validation notice (and thus incur liability under section 1692g), but was not deceptive under section 1692e.

Arcadia tries to use this statement from *Caprio*—that the section 1692g outcome will usually be dispositive of the section 1692e analysis—to support its argument that the court

should dismiss Vullings's claim under section 1692e. *See* Def.'s Br. at 13. As discussed above, Vullings cannot succeed under section 1692g because she is not a consumer. Because *Caprio* says section 1692g and section 1692e analyses will usually parallel each other, *see Caprio*, 709 F.3d at 155, Arcadia believes Vullings's section 1692e claim should also fail. This argument is unavailing.

The substantive allegations here are sufficient to establish claims under both section 1692g and section 1692e, but Vullings fails under section 1692g because of a lack of standing (*i.e.*, she is not a consumer). *See* 15 U.S.C. § 1692g. The court has already explained that if Vullings had been a consumer, her claim under section 1692g would have survived summary judgment. But section 1692e, unlike section 1692g, does not limit recovery to consumers. *See* 15 U.S.C. § 1692e. Thus, it is entirely foreseeable that Vullings could recover under section 1692e but not section 1692g. *Caprio* does not bar this possibility; instead, *Caprio* indicates that a finding of liability under section 1692g strongly implies liability under section 1692e. *See* 709 F.3d at 155. *Caprio* does not state, hold, or otherwise imply that the technical requirements that may bar liability under section 1692g also bar liability under section 1692e. *See id.* Accordingly, in light of the outcome in *Caprio*, and the similarity between the language in the letter there and the language in the letter here, the court will deny summary judgment on this claim. *See Laniado v. Certified Credit & Collection Bureau*, 705 F. App'x 87, 89 (3d Cir. 2017) (holding letter with "please call" language violated FDCPA).

Vullings's final claim is raised under 15 U.S.C. § 1692f. *See* Am. Compl. at 7. Section 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This is a "catch-all" provision and "[a] complaint will be deemed deficient under [§ 1692f] if it does not identify any misconduct

beyond which plaintiffs assert violate other provisions of the FDCPA." *Strouse v. Enhanced Recovery Co., L.L.C.*, 956 F. Supp. 2d 627, 637 (E.D. Pa. 2013) (alterations in original) (quoting *Shand-Pistilli v. Prof'l Account Servs., Inc.*, Civ. A. No. 10-CV-1808, 2010 WL 2978029, at *6 (E.D. Pa. July 26, 2010)); *see also Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433(DRH)(SIL), 2017 WL 432892, at *4 (E.D.N.Y. Jan. 5, 2017), *report and recommendation adopted*, Civ. A. No. 14-4433(DRH)(SIL), 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017) ("[Section 1692f] of the FDCPA is a 'catchall provision' serving as 'a backstop function' to catch practices that are not covered by other sections of the statute." (citation omitted)). Here, the court is unable to identify any conduct in the amended complaint that would allegedly violate section 1692f but does not also allegedly violate a separate provision of the FDCPA.

Vullings attempts to circumvent this shortcoming by arguing that the letter was misleading because her counsel discovered that Arcadia never filed a claim on the underlying debt. *See* Pl.'s Br. at 19. This allegation is insufficient to establish liability under section 1692f for two reasons: First, it does not satisfy *Strouse* because Vullings argues that this also violates other provisions of the FDCPA (see discussion above). *See* 956 F. Supp. 2d at 637. Therefore, it is not "misconduct beyond which [the plaintiff] assert[s] violate[s] other provisions of the FDCPA." *Id.* Second, this allegation is not contemplated by the amended complaint. *See generally* Am. Compl. For the same reasons identified by the court in the discussion of the section 1692d claim, Vullings cannot—under the amended complaint—pursue a section 1692f claim based on the allegation that Arcadia never filed a claim on the underlying debt. As such, Arcadia is entitled to summary judgment in its favor on Vullings's section 1692f claim.

## IV.     CONCLUSION

In sum, two of Vullings's claims fail because in her individual capacity, she is not a consumer and therefore lacks standing to sue. Two others fail because the undisputed facts do not, as a matter of law, support a claim for relief under the FDCPA. Thus, the only claim which survives is Vullings's section 1692e claim because the undisputed facts do not warrant summary judgment in favor of Arcadia under current Third Circuit precedent.

In addition to her substantive arguments, Vullings attempts to thwart summary judgment by arguing (1) that this motion is premature and (2) that Arcadia never filed a claim on the underlying debt. Neither of these arguments are persuasive. Vullings's arguments regarding timing are unavailing because the motion was resolvable (and ultimately, resolved) almost entirely on the pleadings, the letter, and the envelope. Similarly, Vullings's argument that Arcadia never filed a claim on the underlying debt is irrelevant to the present motion because the amended complaint does not contemplate claims based on facts of that nature. For these reasons, the court grants the motion for summary judgment in part and denies it in part.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.